# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MAROUANE OUZIZ, et al.,**<br><br>       **Plaintiffs,**<br><br>vs.<br><br>**ATM OPERATING, INC., et al.,**<br><br>       **Defendants.** | **Case No.: 4:12-cv-2378 KAW**<br><br>**ORDER** |

On August 28, 2012, the Court ordered Plaintiffs to show cause why they should not be sanctioned for failing to attend the case management conference. Dkt #32. In the parties' joint case management statement, Plaintiffs had indicated that they would amend their complaint to add new defendants and a new cause of action by August 7, even though that date had already passed by the time the statement was filed. Dkt #29 at 7. The Court granted Plaintiffs until September 7 to file a motion for leave to amend their complaint. Dkt #32.

On August 29, Plaintiffs' attorney, Scott Flaxman, filed a response to the order to show cause, together with a declaration. Dkt #33. Mr. Flaxman wrote, "Plaintiff's counsel, Lauren Saint, has made a good faith effort to be admitted to practice before the United States District Court but has not yet been admitted because she is still awaiting paperwork to be processed which she has no control over. Plaintiff's counsel, Scott Flaxman, had a private, family, medical emergency." *Id.*

These facts do not explain why neither of the attorneys or their colleagues contacted the Court or opposing counsel, either before or after the hearing, to explain that no one was able to attend the case management conference. More importantly, this case was removed to this Court on

May 11, 2012, and Plaintiff's counsel does not explain why it has taken Ms. Saint this long to be admitted to the Northern District. *See* United States District Court, Northern District of California, Admission to Practice, *available at* http://www.cand.uscourts.gov/attyadmission (application for admission generally processed within 48 hours). Plaintiffs' counsel is cautioned that this behavior was unacceptable in this regard. Since this is the first occurrence of such behavior in this case, however, the Court declines to impose sanctions against Plaintiffs' counsel, and hereby discharges its order to show cause. Future failures to appear at scheduled court appearances will result in the imposition of sanctions.

Also on August 29, Plaintiffs filed a document titled "Motion for Leave to File an Amended Complaint," asking that the Court grant permission to Plaintiffs to file an amended complaint at some point in the future after mediation and the exchange of initial disclosures. Dkt #35. Plaintiffs' motion is premature and procedurally deficient. *See* Civil Local Rule 10-1 ("[a]ny party filing or moving to file an amended pleading must reproduce the entire proposed pleading . . .").

In the interests of judicial economy, however, the Court construes Plaintiffs' filing as a motion for an extension of time to file a motion for leave to file an amended complaint. Good cause appearing, Plaintiffs may file a motion for leave to file an amended complaint on or before December 2, 2012.

It is so ORDERED.

**DATE: September 7, 2012**

_____
**KANDIS A. WESTMORE**
**UNITED STATES MAGISTRATE JUDGE**